FILED
SUPERIOR COURT
OF GUAM

2022 SEP 14 PM 5: 06

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0417-19 |
| vs. | **DECISION AND ORDER** <br> *Re: People's Motion for Revocation and <br> Imposition of Sentence* |
| LEONARDO MANGLONA TOVES, II <br> DOB:08/23/1977 | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 7, 2022, for a revocation hearing. Present at the hearing were: Defendant Leonardo Toves II ("Defendant") with counsel Assistant Public Defender Peter Sablan, and Assistant Attorney General Katherine Nepten for the People. Having considered the arguments, briefs, and applicable law, the Court hereby **GRANTS** the People's Motion for Revocation and Imposition of Sentence.

### BACKGROUND

On September 11, 2019, Defendant entered a plea of guilty to the charge of THEFT (as a Third Degree Felony). Under the Plea Agreement, Defendant was to serve a total of three (3) years of incarceration, all suspended, with credit for time served. The Plea Agreement also placed Defendant under probation for three (3) years and required that Defendant pay a fine of one thousand dollars ($1,000.00); pay eighty dollars court costs ($80.00); perform one hundred (100) hours of community service; receive treatment from the Judiciary's Client Services and Family Counselling Division (CSFC); and obey all local and federal laws, among other conditions. *See* Judgment (Oct. 4, 2019). Defendant's probationary term is set to expire on September 11, 2022.

There are a total of five violations filed in this matter. The First Violation Report, filed on January 22, 2020, indicated that not only did Defendant fail to conduct his monthly check-ins, but he also failed to make payments towards his fine and court costs. Additionally, Defendant failed to schedule an appointment for an assessment with CSFC, and he failed to complete or convert his one hundred (100) hours of community service.

The Second Violation Report also filed on January 22, 2020, reflected that Defendant failed to obey all local and federal laws after Defendant was charged, in a new case CF0023-20.

The Third Violation Report, filed on August 17, 2021, indicated that Defendant, again, failed to conduct his monthly check-ins and failed to make monthly payments towards his fine and court costs. Additionally, Defendant failed to attend his CSFC assessment and failed to complete or convert one hundred (100) hours of community service.

The Fourth Violation Report, filed on February 25, 2022, indicated that Defendant failed to stay away from and not consume illegal controlled substances. On Friday, January 28, 2022, Defendant submitted a urinalysis drug test at the Probation Office that resulted in a presumptive positive for marijuana (THC). Defendant then admitted to smoking marijuana three (3) days prior.

On March 8, 2022, Probation filed a Fifth Violation Report which indicated that Defendant, yet again, failed to do the following: (1) conduct his weekly check-in, (2) conduct his weekly drug test, (3) make monthly payments towards his court fine and costs, (4) attend his CSFC assessment via Zoom, and (5) complete or convert one hundred (100) hours of community service.

On May 19, 2022, the Court held a return of warrant hearing wherein the Court ordered that the People's Motion to Revoke Probation be filed no later than June 8, 2022. The People later filed their Motion to Revoke Probation and Imposition of Sentence on May 23, 2022. Then

Defendant filed his Opposition on June 22, 2022. A revocation hearing was held on July 7, 2022, after which the Court took the matter under advisement.

## DISCUSSION

If the Court is satisfied that a defendant has inexcusably failed to comply with a substantial requirement of probation, the Court may revoke the probation and sentence or re-sentence the defendant, but only if the Court determines that under all circumstances, revocation will best satisfy the ends of justice and the best interests of the public. 9 GCA § 80.66(a)(2). Probation revocation is a two-step process. First, the trial court must determine if a probation violation occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of probation. *People v. Camacho*, 2009 Guam 6 ¶ 27. If the Court revokes probation, it may impose any sentence that might have been imposed originally for the crimes for which the offender was convicted. 9 GCA § 80.66(b).

Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *Camacho,* 2009 Guam 6 ¶ 26. In this case, the Court granted favor, on behalf of the state, for Defendant to receive all treatment recommendations from Client Services and Family Counseling (CSFC). Additionally, Defendant's Plea Agreement set forth the terms of his probation that required him, among other conditions, to 1) report monthly; 2) pay court costs; 3) pay court fines; 4) obey all local and federal laws; 5) avoid the use of illegal controlled substances; and 6) perform one hundred (100) hours of community service. Here, the record reflects that Defendant has violated the terms of his probation numerous times.

In *People v. Camacho,* the Court found that a defendant failed to properly follow his probation by failing to submit drug tests and report weekly. In the instant case, Defendant has repeatedly failed to do the same. In *Camacho,* the Court concluded that it is proper to revoke the

defendant's probation and to remand him to serve his sentence according to the terms contemplated in the plea agreement. This case is no different.

Defendant argues that "Probation violations do occur and is almost expected. Deterrence of violations is made by allowing this Court … to correct a defendant by providing supervision and education." Def's Opp'n p. 2 (June 22, 2022). Additionally, Defendant continues to highlight that incarceration would only cost the public more money compared to continued probation. *Id.* The Court is not persuaded by this argument. As stated, probation is a favor granted by the state; however, the responsibility to adhere to the conditions of probation rests entirely in the hands of the criminal defendant. Here, Defendant continuously failed to meet his requirements. Because Defendant is unwilling to take advantage of probation's guidance and comply with its conditions, the Court is satisfied that these grounds warrant revocation of Defendant's probation.

## CONCLUSION

For the above reasons, the Court **GRANTS** the People's Motion for Revocation and Imposition of Sentence Defendant is hereby sentenced to serve three (3) years of incarceration at the Department of Corrections in accordance with the Plea Agreement, with credit for time served. *See* Judgment p. 2 (Oct. 4, 2019).

**IT IS SO ORDERED** ___SEP 1 4 2022___ .

![signature]

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam